IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dean Weston and his wife, :
Michelle Weston t/d/b/a :
D & M Weston Trucking, LLC, : No. 1097 C.D. 2021
     Appellants : Submitted: April 21, 2023
             :
    v. :
             :
Hanover Township Zoning :
Hearing Board :
             :
    v. :
             :
Hanover Township :


BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE        FILED: September 21, 2023


  Dean Weston and Michelle Weston, t/d/b/a D & M Weston Trucking, LLC (collectively, the Westons), appeal from the August 31, 2021 order of the Court of Common Pleas of Beaver County (Common Pleas) affirming the December 18, 2020 decision of the Hanover Township (Township) Zoning Hearing Board (Board) to deny the Westons' appeal of the Township's September 2, 2020 Enforcement Notice (Notice). On appeal, the Westons argue they timely filed their appeal to Common Pleas, they are entitled to a variance by estoppel, and the Board exceeded its

authority by enforcing violations of the Vehicle Code.[1]  Upon review, we reverse, in part, and vacate and remand, in part.

## I.    Background

The Westons own a property in the Township that is zoned R-1 Rural Residential under the Township's Zoning Ordinance (Ordinance).[2]  Reproduced Record (R.R.) at 3a, 10a.  On September 2, 2020, the Township issued the Notice to the Westons, wherein the Township asserted the Westons were violating the Ordinance by:[3] (a) operating a commercial trucking business from a garage on their property, (b) operating commercial vehicles on weight restricted roadways in the Township, and (c) failing to fully erect a fence within the one-year permit construction period and failing to construct the fence with the finished portion facing outward.[4]  *Id.* at 3a.

The Westons timely appealed the Township's Notice to the Board.  On October 26, 2020, the Board conducted a hearing on the Westons' appeal, at which the Township's Zoning Officer (Zoning Officer), the Westons, and several neighbors

---

[1]  75 Pa.C.S. §§ 101-9805.
[2]  Hanover Township, Pa., Zoning Ordinance (1976), *as amended*.
[3]  The Township asserted a total of six violations of the Ordinance.  The Township did not, however, pursue two of those violations (that the Westons did not obtain proper permits for the construction or addition to their garage or for the construction of a swimming pool) at the hearing before the Board.  In addition, two of the violations were essentially identical (that the Westons are operating a commercial enterprise on their property).  Thus, only three alleged violations are relevant to this appeal.
[4]  The full text of this alleged violation in the Notice is as follows:

> f.)    That you have failed to complete the erection of a fence on your property which is required to be completed in a one-year period.  That permit is null, and void and you must re-apply for the permit, or remove the portion of the fence erected.  In addition, the fence must be erected in such a way as to have the finished portion facing outward toward the opposing property.

Reproduced Record (R.R.) at 3a.

2

testified. The Zoning Officer admitted that she told the Westons she approved their permit to finish their fence. R.R. at 56a, 58a. She also admitted that she told the Westons they could proceed with the completion of their fence, she did not mention a three-foot height restriction to the Westons, and she only learned of the Ordinance's three-foot height restriction after speaking with the Westons. *Id.* at 54a, 58a. At the time of the Board's hearing, the Zoning Officer had only been the Township's Zoning Officer for about a year and one-half. *Id.* at 51a. Despite telling the Westons she approved their permit and that they could proceed with the completion of their fence, the Zoning Officer believed the Westons should have known their permit application still needed to be approved by the building inspector. *Id.* at 58a.

Dean Weston testified that his trucking business hauls asphalt, dirt, sand, and stone for construction projects. R.R. at 77a. He stores his trucks in a garage on his property. *Id.* His drivers, including himself, leave with the trucks between 5:30 a.m. and 6:00 a.m. on workdays and typically return at the end of the workday, which is between 5:00 p.m. and 7:00 p.m. *Id.* at 77a-78a. Dean Weston stated that his wife, Michelle Weston, performs the administrative duties for his business, such as invoicing, which typically only takes her one-half an hour per day. *Id.* at 78a-79a. Beyond those activities, the Westons use the property as their residence. *Id.* at 79a.

Dean Weston further testified that he obtained a permit for and built the garage in 2004. R.R. at 63a-65a. He also testified that he applied for and received a permit in 2013 to construct an addition to the garage, and that during the permit process he had conversations with the zoning officer at the time (who has since passed away) about the commercial nature of the garage. *Id.* at 67a-70a. Dean Weston stated that he operated his trucking business as a sole proprietorship until he incorporated the

3

business in 2015. *Id.* at 75a-76a. Regarding the fence, Dean Weston asserted he obtained a permit for the fence and the Zoning Officer told him he could complete the fence. *Id.* at 86a-87a.

Michelle Weston testified that from 2003 to 2020 she and her husband operated the trucking company from their garage, which is currently 32 feet by 60 feet, that they did not hide their activities, and that they never received any indication from the Township that their trucking business was not permitted. R.R. at 97a-98a. With regard to the fence, Michelle Weston testified that a Township employee originally informed the Westons they did not need a permit for the fence. R.R. at 103a. After they started to build the fence, however, someone complained that it was a wall because it was so high, and the Township then informed the Westons they needed to apply for a permit. *Id.* Michelle Weston explained that the height is why the fence is referred to as a "wall" on their permit, and that the Township was aware of the height of the fence at the time it approved their permit. *Id.*

Michelle Weston also stated that the Zoning Officer, within a month of the hearing before the Board, gave her permission by phone to finish building the fence. R.R. at 95a-96a. In addition, the Zoning Officer, while handing out notices for the Board's hearing to the Westons' neighbors, told Michelle Weston that the permit for their fence had been approved. *Id.*

Michelle Weston also read a prepared statement, in which she asserted she and her husband spoke with the Township's Zoning Officer about their proposed use of the garage in 2003, before constructing the garage, and that the zoning officer at the time told them they were allowed to use the property in conjunction with their trucking business. R.R. at 109a. She also explained the recent boundary line dispute

4

between herself and a neighbor that led to the neighbor retaliating and complaining, for the first time, about the Westons' trucking business. *Id.* at 111a-14a.

Several people who live near the Westons' property also testified at the Board's hearing. A few stated they were not concerned with "noise of the vehicles or anything like that," but were concerned their property values would be negatively affected by the presence of a business. R.R. at 119a, 122a, 126a-27a. One neighbor complained the trucks back up and make beeping noises early in the morning, and the Westons have pressure washed their trucks early in the morning on Sundays. *Id.* at 123a-25a. One neighbor, who lives right across from the Westons, said she did not feel the noise was a problem. *Id.* at 125a.

The Westons raised the Township's longstanding acquiescence to their trucking business and asserted the Township should be estopped from enforcing the Ordinance. R.R. at 59a-60a. The Board's solicitor acknowledged the Westons raised these issues, stating "you are raising issues of estoppel and the like." *Id.* at 87a. Nevertheless, when the Board issued its decision, the Board made the following finding of fact:

> The Westons did not request a variance from the [Board]. The box on the form to request a variance is not checked.
>
> The [Board] took no evidence concerning any variance request in this particular case and makes no decision concerning any variance since none was requested.

N.T. 12/15/20[5] at 8. The Board ultimately concluded the Westons were violating the Ordinance by "engaging in a commercial venture on the property." *Id.* at 14.

---

[5] "N.T. 12/15/20" refers to the transcript of the Board's December 15, 2020 hearing, at which the Board's solicitor orally announced the Board's decision. The Board issued its written decision by mailing a letter to the Westons, dated December 18, 2020, which stated "[a]ttached please find the **(Footnote continued on next page…)**

5

Regarding the Westons' fence, the Board acknowledged the issue was "troublesome because there was testimony that the Zoning Officer . . . verbally told the Westons that they could proceed with the fence." *Id.* at 13. Nevertheless, the Board determined the Westons completed the fence without a valid permit, and "the fence is in violation of [the Ordinance] because it exceeds three feet without the appropriate setback." *Id.* at 12-13. Regarding the operation of trucks in excess of the Ordinance's weight restrictions for Township roads, the Board determined it had jurisdiction to "consider and enforce the [O]rdinance . . . and finds that the trucks are in violation of that [O]rdinance." *Id.* at 12. Thus, the Board denied the Westons' appeal and upheld the Notice. *Id.*

On January 15, 2021, the Westons filed a notice of appeal in Common Pleas. R.R. at 136a. Common Pleas reviewed this matter based upon the record before the Board and denied the Westons' appeal by order filed August 31, 2021. Trial Ct. Order, 8/31/21. Common Pleas' first reason for denying the Westons' appeal was that Common Pleas believed the Westons did not file their appeal within the 30-day appeal period. Trial Ct. Op., 8/31/21, at 3-4. Common Pleas also determined the Board had jurisdiction to enforce the Ordinance's weight restrictions. *Id.* at 4-5. Despite the Board's lack of factual findings relating to the Westons' variance by estoppel claim, Common Pleas concluded the Westons were not entitled to a variance by estoppel. *Id.* at 5-6. Common Pleas agreed with the Board that the Westons' fence violated the Ordinance due to its height. *Id.* at 5. Accordingly, Common Pleas affirmed the Board's decision. *Id.* at 6.

---

Adjudication of the [Board] concerning the Appeal from the Determination of the Zoning Officer." R.R. at 135a. The Board attached a transcript of its December 15, 2020 hearing to this letter. Thus, the transcript of the Board's December 15, 2020 hearing sets forth the Board's entire decision.

6

The Westons appealed Common Pleas' decision to this Court.[6] On appeal, the Westons argue they filed their original appeal to Common Pleas within the statutory timeframe for filing an appeal. In addition, the Westons argue the Board did not have authority to enforce the Ordinance's vehicle weight restrictions. The Westons also argue the Board erred in determining they had not acquired a variance by estoppel for their various activities and improvements related to their trucking business.

## II. Analysis

When "Common Pleas [does] not take additional evidence in [a] zoning appeal," this Court's role "is limited to reviewing the [Board]'s decision, not that of Common Pleas." *Dowds v. Zoning Bd. of Adjustment*, 242 A.3d 683, 695 (Pa. Cmwlth. 2020) (citation omitted). We review the Board's decision under the same standard of review as Common Pleas reviews the Board's decision, which requires that we evaluate whether the Board committed an error of law or abused its discretion. *Id.* Regarding whether the Board committed an error of law, we conduct a *de novo* review and "are not bound by the legal conclusions of the governing body or lower court[]." *EQT Prod. Co. v. Borough of Jefferson Hills*, 208 A.3d 1010, 1025 (Pa. 2019) (citation omitted). Regarding whether the Board abused its discretion, we will find an abuse of discretion "whenever the findings of the governing body are not supported by substantial evidence." *Id.* at 1024. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

---

[6] Common Pleas issued an order on November 3, 2021, determining the Westons waived their appellate rights by failing to timely file a Concise Statement of Errors Complained of on Appeal. Trial Ct. Order, 11/3/21. We granted the Westons' application for remand so the Westons could file a Motion to Reinstate their Appellate Rights *Nunc Pro Tunc* by order dated March 8, 2022. On remand, Common Pleas ultimately reinstated the Westons' appellate rights due to their former attorney's failures. The Westons then promptly filed a Concise Statement of Errors Complained of on Appeal, and their appeal proceeded to this Court.

to support a conclusion." *Gorsline v. Bd. of Supervisors of Fairfield Twp.*, 186 A.3d 375, 385 (Pa. 2018).

### A. Timeliness of Appeal to Common Pleas

When Common Pleas issued its decision denying the Westons' appeal, Common Pleas determined the Westons filed their appeal of the Board's decision outside the 30-day appeal period (by one day), because the Board issued its decision on December 15, 2020, and the Westons filed their appeal on January 15, 2020. Trial Ct. Op., 8/31/21, at 3. In the Westons' Statement of Errors Complained of on Appeal, which they filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), the Westons asserted their appeal to Common Pleas was timely, because Section 5572 of the Judicial Code[7] establishes that the date of entry of a government unit's order is the mailing date of the order, which was December 18, 2020. *See* 42 Pa.C.S. § 5572.

Common Pleas then entered its Rule 1925(a) Opinion in Support of Order. *See* Pa.R.A.P. 1925(a). In that opinion, Common Pleas conceded that while the Board orally announced its decision at a public meeting on December 15, 2020, it did not mail its decision to the Westons until December 18, 2020. Trial Ct. Op., 3/21/22, at 1. Agreeing with the Westons' assertion that the date of mailing begins the 30-day appeal period, Common Pleas stated that it "rescinds the discussion and legal analysis [relating to timeliness of the Westons' appeal in] its [original decision] as a basis to deny the appeal, and also rescinds [the corresponding paragraph] of its Order of the same date." *Id.* at 2.

We agree with Common Pleas' analysis in its Rule 1925(a) Opinion, which concluded that the Westons timely filed their appeal to Common Pleas. *See*

---

[7]   42 Pa.C.S. §§ 101-9913.

8

*Narberth Borough v. Lower Merion Twp.*, 915 A.2d 626, 644-45 (Pa. 2007) (30-day appeal period begins to run on the date of mailing of a written decision of a zoning hearing board, not the date the zoning hearing board orally announces its decision). Common Pleas, however, did not have jurisdiction to rescind its original order at the time it entered its Opinion in Support of Order. *See* Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505; *Ness v. York Twp. Bd. of Comm'rs*, 123 A.3d 1166, 1169 (Pa. Cmwlth. 2015) (beyond 30 days after the entry of a final order, the trial court is divested of jurisdiction); Pa.R.A.P. 1701(a) ("after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter").

We note that although the Westons challenged the timeliness of their appeal to Common Pleas in their Rule 1925(b) Statement of Errors Complained of on Appeal, the Westons did not raise the issue in their brief to this Court. *See* Pa.R.A.P. 1925(b); Appellants' Br. While issues that are not raised and supported in a parties' brief are typically waived, we cannot fault the Westons for not briefing this issue under the belief Common Pleas' Opinion in Support of Order resolved the issue in their favor. Accordingly, we conclude the Westons' appeal to Common Pleas was timely filed and reverse Common Pleas' decision to the extent it determined the Westons' appeal to Common Pleas was filed beyond the 30-day appeal period.

### B. Weight Restrictions

The Westons argue the Board exceeded its authority in enforcing the Ordinance's weight restrictions, because Pennsylvania law does not permit a zoning hearing board to enforce violations of the Vehicle Code.[8] *See* Appellants' Br. at 7-8. To support this argument, the Westons assert Section 6301 of the Vehicle Code, 75 Pa.C.S. § 6301, "precludes enforcement of vehicle code violations under local

---

[8] 75 Pa.C.S. §§ 101-9805.

9

ordinances." *See* Appellants' Br. at 7. The Board counters by arguing it is authorized to enforce the Ordinance's vehicle weight restrictions pursuant to Section 4902(a) of the Vehicle Code, 75 Pa.C.S. § 4902(a).

Section 4902(a)(1) of the Vehicle Code permits local authorities to impose weight restrictions on highways under their jurisdiction, as follows:

> The Commonwealth **and local authorities with respect to highways and bridges under their jurisdiction** may prohibit the operation of vehicles and **may impose restrictions as to the weight or size of vehicles operated upon a highway** or bridge only when they determine by conducting an engineering and traffic study as provided for in department regulations that the highway or bridge may be damaged or destroyed unless use by vehicles is prohibited or the permissible size or weight of vehicles is reduced.

75 Pa.C.S. § 4902(a)(1) (emphasis added). Section 6301 of the Vehicle Code, however, prevents enforcement of local ordinances when the Vehicle Code governs the same conduct, as follows:

> Except for parking violations, **when the same conduct is proscribed under this title and a local ordinance**, the charge shall be brought under this title and not under the local ordinance. Prosecutions brought under any local ordinance, rule or regulation, which are based on a violation for which there is a specific penalty provided in this title, except for parking violations, shall be deemed as having been brought under this title and the assessment and disposition of the fines and forfeitures shall be so governed. Local ordinances relating to parking shall prescribe fines for violations and may authorize the payment of penalties in lieu of fines and costs under prescribed conditions.

75 Pa.C.S. § 6301 (emphasis added).

The Westons concede the Township's weight restrictions are on Township roadways. *See* Appellants' Br. at 7. Further, the Westons have not alleged that the Commonwealth has imposed weight restrictions on the Township's roadways.

10

Section 6301 of the Vehicle Code only prevents enforcement of a local ordinance when the Vehicle Code also regulates the same conduct. *See* 75 Pa.C.S. § 6301. Since the Township is the only entity with weight restrictions on its roadways, Section 6301 of the Vehicle Code does not preclude enforcement of the Ordinance's weight restrictions.

The Westons' claim that vehicle weight restrictions are not a proper subject of local zoning ordinances is also unavailing. First and foremost, the Vehicle Code expressly provides that local authorities may regulate vehicle weight on their roadways through local ordinances. *See* 75 Pa.C.S. §§ 4902(a)(1), 6301. Secondly, Section 604 of the Pennsylvania Municipalities Planning Code (MPC)[9] specifically lists "transportation" and "prevent[ing] . . . danger and congestion in travel and transportation" within its list of purposes for which local zoning may be enacted. *See* 53 P.S. § 10604. Because regulating vehicle weight on roadways is a form of preventing danger in transportation, it is a proper function of local zoning ordinances.

Section 614 of the MPC authorizes a zoning officer to administer and enforce a zoning ordinance, and Section 909.1(a)(3) of the MPC authorizes a zoning hearing board to hear appeals of determinations of zoning officers. *See* 53 P.S. §§ 10614, 10909.1(a)(3), *added by* the Act of December 21, 1988, P.L. 1329. In this case, the Zoning Officer issued a notice of a violation of the Ordinance's vehicle weight restrictions. The Board heard an appeal of the Zoning Officer's determination. We conclude there was nothing improper about the Zoning Officer's or the Board's handling of this issue. Thus, we reject the Westons' argument that the Board lacked the authority to enforce the Ordinance's vehicle weight restrictions.

---

[9] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

11

Our determination that the Board has the authority to enforce the Ordinance's vehicle weight restrictions does not resolve whether the Westons established an equitable defense to the Board's enforcement of the Ordinance's vehicle weight restrictions. Although the Westons' equitable defenses are more fully discussed below, we also note that the Board must, on remand, also consider whether the Westons established any equitable defenses that would prevent the Board from enforcing the Ordinance's vehicle weight restrictions against them.

## C. The Westons' Fence

While the Board's determination that the Westons' fence violates the Ordinance's height restriction may be factually correct, the Notice only alleged that the Westons failed to complete their fence within one year of receiving a permit, that they needed to reapply for a permit to complete the fence, and that "the fence must be erected in such a way as to have the finished portion facing outward toward the opposing party." R.R. at 3a. Thus, we must begin by addressing whether the Board had jurisdiction to address a violation that was not alleged in the Notice.

A court may raise a lack of subject matter jurisdiction at any time and *sua sponte*. *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383, 399 (Pa. 2021). "Jurisdiction and power are not interchangeable although judges and lawyers often confuse them." *Riedel v. Hum. Rels. Comm'n of City of Reading*, 739 A.2d 121, 124 (Pa. 1999) (citations omitted). "Jurisdiction relates solely to the competency of the particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs. Power, on the other hand, means the ability of a decision-making body to order or effect a certain result." *Id.* This Court previously stated the distinction between a court's subject matter jurisdiction and its power as follows:

12

Whether a court has been empowered to hear or adjudicate a controversy and whether a court has the power to grant the particular relief sought in a case are separate and distinct questions.

> [E]ven though a plaintiff [has] no standing to bring his action, even though his complaint be demurrable, even though he fail[ed] to establish its allegations, [and] even though the court should finally conclude that the relief he seeks should not be granted, not any or all of these circumstances would enter into, much less determine, the question whether the court had jurisdiction of the litigation.

> *Sperry & Hutchinson Co. v. O'Connor*, . . . 412 A.2d 539, 541 ([Pa.] 1980) (quoting *Studio Theaters, Inc. v. City of Washington*, . . . 209 A.2d 802, 804 ([Pa.] 1965).

*Beltrami Enters., Inc. v. Dep't of Env't Res.*, 632 A.2d 989, 993 (Pa. Cmwlth. 1993).

"[J]urisdiction of the subject matter is conferred by the Commonwealth's Constitution and laws." *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 29 (Pa. 2004). Relevant to this matter, Section 909.1 of the MPC establishes the "jurisdiction" of a zoning hearing board. 53 P.S. § 10909.1. Interestingly, Section 909.1 of the MPC does not give a zoning hearing board jurisdiction to enforce its zoning ordinance by issuing a notice of violation or by finding a violation of its ordinance in the first instance. *Id.* Instead, Section 909.1(a)(3) of the MPC restricts the Board's jurisdiction to "[a]ppeals from the determination of the zoning officer." 53 P.S. § 10909.1(a)(3). Meanwhile, Section 614 of the MPC reserves the authority to administer and enforce a zoning ordinance to the zoning officer. 53 P.S. § 10614. Thus, a zoning hearing board is only statutorily empowered to adjudicate an appeal of the specific determinations of the zoning officer.

Here, the Zoning Officer did not determine the Westons' fence violated the Ordinance because it exceeded the Ordinance's height restrictions. As a result, the Board did not have jurisdiction to issue its determination, in the first instance, that the Westons' fence violated the Ordinance's height restrictions.

Next, we look to the violations the Zoning Officer *did* allege in the Notice. With regard to which direction the finished portion of the fence was facing, our review of the record shows that the Township did not introduce any evidence before the Board about this issue. *See* R.R. at 27a-134a. Section 10616.1(d) of the MPC establishes that on appeal before a zoning hearing board, the municipality has the burden of proof to establish the violation alleged in its enforcement notice. *See* 53 P.S. § 10616.1(d), *added by* the Act of December 21, 1988, P.L. 1329. Since the Township failed to present any evidence regarding the direction of the finished portion of the fence, the Township failed to carry its burden of proof on this issue.

With regard to the remaining alleged violations, the Zoning Officer and Michelle Weston both testified that the Westons applied for a new permit and the Zoning Officer told Michelle Weston that the Westons' permit had been approved and they could complete construction of the fence. *See* R.R. at 54a-58a, 95a-96a.[10] In fact, the Zoning Officer admitted she was not even aware there was a height restriction on fences in the Township at the time she told the Westons she "approve[d] the permit to finish the old fence." *Id.* at 56a, 58a. Thus, the Westons proceeded to finish constructing their fence after being informed by the Zoning

---

[10] To the extent the Board found "the evidence was very unclear what specifically the . . . Zoning [O]fficer told the Westons," we conclude the Board abused its discretion, as that finding is not supported by substantial evidence. As fully outlined above, the Zoning Officer, who was relatively new to the Township, admitted she told the Westons their permit was approved and that she was unaware at the time of this discussion that the Township had a fence height restriction. R.R. at 54a-58a. There was no lack of clarity regarding the Zoning Officer's statement to the Westons that their permit was approved and they could complete the fence.

14

Officer that their permit for doing so was approved. The Township cannot now prevail on a claim the Westons failed to reapply for a permit to complete the fence. Accordingly, we reverse Common Pleas' decision affirming the Board's decision to deny the Westons' appeal of each of the Notice's provisions regarding their fence.

**D. Equitable Defenses**

We must review the Board's determinations regarding the Westons' claims that the Township should be prevented from enforcing the Ordinance due to the Township's longstanding acquiescence to the Westons' operation of their trucking business. Unfortunately, however, the Board did not issue any findings of fact related to this issue. Instead, the Board determined "the Weston[s'] did not request a variance" and "the [Board] took no evidence concerning any variance request in this particular case and makes no decision concerning any variance since none was requested." N.T. 12/15/20 at 8. This was an error.

There are various ways a landowner may seek a variance by estoppel. One way is to file an application with a zoning hearing board, seeking approval of a use under the theory of variance by estoppel. *See Hafner v. Zoning Hearing Bd. of Allen Twp.*, 974 A.2d 1204 (Pa. Cmwlth. 2009). A second way is to raise a variance by estoppel as a defense to a zoning enforcement action. *See Pietropaolo v. Zoning Hearing Bd. of Lower Merion Twp.*, 979 A.2d 969 (Pa. Cmwlth. 2009). The Westons raised variance by estoppel as a defense to the Township's Notice, which is an acceptable way of raising the issue. The Westons presented evidence before the Board including, but not limited to, their longstanding use of the property for commercial purposes, the Township's knowledge of that use, the Township's subsequent approval of permits for expansion of the use, and their investments in the property for business purposes. Thus, the Board did receive evidence concerning

15

the Westons' variance request, but simply failed to evaluate that evidence under the mistaken belief the Westons had not properly raised the issue.

Our standard of review does not permit us to engage in fact finding in zoning appeals. The same is true of Common Pleas. Thus, to the extent Common Pleas relied upon matters that were outside the Board's findings of fact,[11] we conclude Common Pleas misapplied its standard of review and committed an error of law. Having no findings of fact or conclusions of law to review related to the Westons' equitable defenses, we must vacate the remainder of Common Pleas' decision, remand this matter to Common Pleas, and direct Common Pleas to vacate the Board's decision and further remand this matter to the Board to issue new findings of fact and conclusions of law in light of all of the evidence the Board received.

On remand, the Board is to consider only the record previously made before it[12] and shall not hold additional hearings or receive new evidence. To be clear, the issue on remand is not whether the Westons' use of their property for commercial purposes and their operation of trucks on certain Township roadways violates the Ordinance. Instead, the issue is whether the Westons have a defense, or a legally recognized excuse, that prevents the Township from enforcing the Ordinance. The Board is not to view the Westons' evidence solely in the vacuum of a claim for a

---

[11] By way of example, Common Pleas determined the Westons could not demonstrate unnecessary hardship for purposes of establishing a variance by estoppel. Trial Ct. Op., 8/31/21, at 5. This conclusion, however, is not based upon any of the Board's factual findings.

[12] Upon reviewing the transcript of the Board's hearing and the Board's subsequent decision, we note that there are portions of the Board's findings of fact that are not supported in the record. Although we need not presently address this issue since our decision requires the Board to issue new findings of fact, we caution the Board to stay within the bounds of the record evidence. Should the Board's decision be appealed again, Common Pleas and our Court, if necessary, will review this matter to determine if the Board's findings of fact are supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See EQT Prod. Co.*, 208 A.3d at 1024; *Gorsline*, 186 A.3d at 385.

16

variance by estoppel, because there are other equitable defenses, such as municipal acquiescence and vested rights, which the Westons' presentation of evidence properly raised before the Board.

### III. Conclusion

For the reasons set forth above, the Westons filed their appeal to Common Pleas on time, the Board had the authority to enforce the Ordinance's vehicle weight restrictions, and the Township failed to establish its allegations that the Westons violated the Ordinance with respect to constructing a fence on their property. As a result, we reverse Common Pleas' decision to the extent Common Pleas determined the Westons' appeal was untimely and to the extent Common Pleas upheld the Notice's allegations regarding the Westons' fence. Since the Board failed to consider the Westons' equitable defenses, we vacate Common Pleas' decision in all other respects, remand this matter to Common Pleas, and direct Common Pleas to vacate the Board's decision and further remand this matter for the Board to issue new findings of fact and conclusions of law consistent with this Opinion.

_____
STACY WALLACE, Judge

17

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dean Weston and his wife,      :
Michelle Weston t/d/b/a        :
D & M Weston Trucking, LLC,   : No. 1097 C.D. 2021
                   Appellants    :
                            :
        v.                :
                            :
Hanover Township Zoning     :
Hearing Board            :
                            :
        v.                :
                            :
Hanover Township         :

## **O R D E R**

**AND NOW**, this 21st day of September 2023, the order entered by the Court of Common Pleas of Beaver County (Common Pleas) on August 31, 2021, is **REVERSED** to the extent it determined the Appellants' appeal to Common Pleas was filed beyond the 30-day appeal period and to the extent it affirmed the Hanover Township Zoning Hearing Board's (Board) decision to deny the Appellants' appeal of Hanover Township's Enforcement Notice regarding the Appellants' construction of a fence on their property.

In all other respects, Common Pleas' decision is **VACATED**, and this matter is **REMANDED** to Common Pleas to vacate the Board's decision and remand this matter so the Board may issue new findings of fact and conclusions of law consistent with the foregoing Opinion. Jurisdiction relinquished.

 

_____
STACY WALLACE, Judge